**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABDALJBER ALI, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-2269 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER FOR AN ANSWER

Petitioner Abdaljber Ali, a *pro se* detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) in Houston, Texas, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241, challenging his continued detention. Petitioner alleges that he is detained at the Houston Processing Center and that he is stateless. Liberally construing the *pro se* petition, the Court understands Petitioner as challenging his continued detention under 8 U.S.C. § 1231, *Zadvydas v. Davis*, 533 U.S. 678 (2001) and the Due Process Clause because his removal is not reasonably foreseeable. Preliminary examination of Petitioner's application for a writ of habeas corpus indicates that an answer is needed. The Court also concludes that an order prohibiting Respondents from removing Petitioner from the Southern District of Texas while this Petition is pending is warranted.

### I.    JURISDICTION

The protections of the Constitution apply to all persons within the jurisdiction of the United States, without regard to immigration or citizenship status. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982).

While federal district courts do not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), federal courts

1

do, however, have jurisdiction over habeas petitions, including those brought by a noncitizen challenging his detention. *See* 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2 (The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (affirming that "an alien. . . [may] rely on 28 U.S.C. § 2241(a) to challenge [their] detention").

In this case, Mr. Ali's Petition does not purport to seek review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that Mr. Ali was subject to arrest and detention in violation of the Constitution and laws of the United States. The Court is therefore of the opinion that it has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Moreover, even if this Court ultimately concludes that it lacks jurisdiction to grant the relief requested, the Court nonetheless has the authority to make a final determination regarding subject-matter jurisdiction and the power to act to preserve the status quo until it makes this determination. *See Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (stating that a federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief."). unless the assertion of jurisdiction is frivolous). This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). Other District Courts facing similar immigration habeas petitions in recent months have reached the same conclusion. *See, e.g.*, Order Granting Temporary Restraining Order, *Lopez-Arevelo v. Ripa et al.*, No. 3:25-cv-00337-KC (W.D. Texas, Aug. 26, 2025), ECF No. 11; Order

Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631-BEM (D. Mass. June 5, 2025), ECF No. 5.

This Court is persuaded by the reasoning in these decisions. In order to conduct a meaningful assessment of Mr. Ali's Petition, the Court assumes jurisdiction over this matter and order that Petitioner shall not be transferred outside the Southern District of Texas while this habeas petition is pending.

## II.    ORDER

Pursuant to 28 U.S.C. § 2241, the Court **ORDERS** as follows:

### A.  Service of Process

1. The Clerk of Court is directed to serve a copy of this order on the United States Attorney for the Southern District of Texas via email at USATXS.CivilNotice@usdoj.gov **as soon as possible.** This shall constitute sufficient service under the Memorandum of Understanding between the United States District Court for the Southern District of Texas and the United States Attorney's Office for the Southern District of Texas Regarding Electronic Service in Cases and Proceedings Under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

### 2.  Respondents' Answer

1. Respondents shall file an answer or other responsive pleading no later than **March 30, 2026**. Respondents shall forward a copy of same to Petitioner via certified mail. Respondents are cautioned that under Rule 12(c) of the Federal Rules of Civil Procedure, if Respondents' motion relies on matters outside the pleadings, the motion shall be treated as one for summary judgment and should be titled as such.

### 2.  **Respondents' answer shall contain:**

    a. **<u>A statement of the authority by which Petitioner is held and a copy of Petitioner's removal order or other related documents, should they exist;</u>**

    b. **<u>A specific response to each of Petitioner's factual allegations and legal contentions, with applicable authority;</u>**

    c. **<u>A statement as to whether Petitioner was previously released from immigration custody and if so, on what authority and conditions;</u>**

    d. **<u>A statement as to the total length of time Petitioner has been detained, including any prior periods of detention;</u>**

    e. **<u>A statement as to what efforts have been made to remove Petitioner, if applicable, and when those efforts were undertaken.</u>**

3. Unless the Court instructs otherwise, each party shall serve the other party, or counsel, with a copy of every pleading, letter, or other document submitted for consideration by the Court. Service shall be by certified mail to the other party unless the parties agree to conduct service via email or ECF filings. There will be no direct communications with the U.S. District Judge or any U.S. Magistrate Judge. All communications must be submitted to the Clerk with copies to the other party.

**3. Stay of Transfer for Removal**

1. Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Southern District of Texas without first seeking and receiving leave from this Court. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.

4

The Clerk is to provide a copy of this Order to all parties, including Petitioner.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 23rd day of March, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE